**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

HECTOR GIOVANNI BOC ESQUIT,

*Petitioner*,

v.

TODD BLANCHE, *et al.*,

*Respondents*.

Civil Action No. 26-cv-07980

**ORDER**

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Hector Giovanni Boc Esquit ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued immigration detention pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) which classifies individuals who entered without inspection as applicants for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2), notwithstanding their longstanding residence in the United States (ECF No. 1); and

**WHEREAS**, Petitioner is a native and citizen of Guatemala who entered the United States without inspection in approximately 2014 and has remained continuously present in the United States since that time (*id.* ¶¶ 1, 3, 27); and

**WHEREAS**, Petitioner was detained by Immigration and Customs Enforcement ("ICE") on or about June 18, 2026, during a traffic stop while traveling to work in Kearny, New Jersey, and has remained detained at the Delaney Hall Detention Center (*id.* ¶¶ 1, 3, 29, 31); and

**WHEREAS**, Petitioner alleges that ICE did not identify any traffic violation or other justification for the stop leading to his arrest and contends that he was unlawfully targeted and

detained (*id.* ¶¶ 3, 29); and

**WHEREAS**, Petitioner asserts that he has worked full-time since arriving in the United States, has established substantial community and family ties, and is a father, brother, and son (*id.* ¶¶ 26–28, 32); and

**WHEREAS**, Petitioner further alleges that he has no criminal history and does not present either a danger to the community or a risk of flight (*id.* ¶¶ 4, 30, 32); and

**WHEREAS**, Petitioner seeks immediate release from immigration custody, contending that his continued detention is unlawful and violates the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment (*id.* ¶¶ 46–70); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1) and resolves this matter on statutory grounds; and

**WHEREAS**, it appears to the Court, at a minimum, that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, ____ F. Supp. 3d ______, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel,* 2025 WL 3218243

(ECF No. 11-1) (collecting cases); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained"). The Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning"); therefore

**IT IS,** on this 2nd day of July 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED;** and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner **WITHIN 24 HOURS** of this Order, under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**Hon. Karen M. Williams,**
**United States District Judge**